PUERTO RICO LABOR RELATIONS BOARD, ETC., Petitioner, *v.* EXECUTIVE HOUSE, INC., d.b.a. CONDADO BEACH HOTEL, Defendant.

No. JRT-64-3.    Decided February 26, 1965.

*J. B. Fernández Badillo,* Solicitor General, *José Orlando Grau, Celia Canales de González, Marta Ramírez de Vera,* and *Luis M. Rivera Pérez* for petitioner. *Canales & Segarra* for defendant.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE RIGAU delivered the opinion of the Court.

This is a case in which the Labor Relations Board filed a petition pursuant to § 9(2)(c) of the Labor Relations Act, No. 130 of May 8, 1945, as amended, 29 L.P.R.A. § 70(2)(c), urging us to enforce an arbitration award. On November 1, 1962, the Union of Workers of the Gastronomic Industry (Independent), on behalf of certain employees (croupiers) of the Condado Hotel Casino, entered into a new collective agreement with said employer. The former agreement had expired in April 1962. The new agreement would govern for two years. Article VIII, paragraph 1, of the new agreement reads as follows:

"Every employee covered hereunder shall be entitled to regular vacation with full pay to be tendered upon commencement of the enjoyment thereof, at the rate of one and one fourth (1¼) days for each month of service, save in case of suspension or leave without pay for more than two weeks. *He shall also be entitled to one additional day of vacation for each year of services rendered up to a maximum of five additional days.* The employee shall enjoy his vacation uninterruptedly, and it shall be granted in such a way as not to interfere with the normal functions of the Casino, to which end the employer shall establish the corresponding turns; Provided, that the employer shall notify the employee at least fifteen (15) days in advance of the date on which his vacation will commence. The employee shall have no right to vacation until he has accumulated same for one year. By written agreement between the employer and the employee, it may be accumulated for more than one year but never more than two." (Italics ours.)

The former agreement did not contain a clause of a similar nature.

As a result of discrepancies on the interpretation to be placed upon some of the clauses of the agreement, the Union and the Employer submitted to arbitration two questions, one of which has given rise to the present petition.[1] The submission agreement subscribed by the parties, insofar as the question at issue is concerned, reads as follows:

"To determine whether the words 'shall also be entitled to one additional day of vacation for each year of services rendered up to a maximum of five additional days,' employed in Article VIII, paragraph 1, of the present collective agreement, mean that the employees of the Condado Hotel Casino *shall be entitled to that right retroactively or prospectively.*" (Italics ours.)

---

[1] The other question was whether pursuant to clause X, paragraph 3, the employees were entitled to triple pay for work performed on certain holidays. The decision was adverse to the employer and the latter abided by it, wherefore it is not in issue in this petition.

The arbitrator's decision was adverse to the employer in ruling that the workers' right to vacation, as contemplated in the agreement, had retroactive effect. The employer refused to abide by this part of the award, and as a result of its refusal the Board resorts to us urging that we enforce the same.

As grounds of opposition to our enforcing the award in question, the employer alleges as follows: (1) the retroactivity to which the award refers—and the clause object of arbitration—is the effective date of the new agreement, and does not include consideration of the years of services rendered prior to the effectiveness of the new agreement for the purpose of computing the "additional days" to be included in the vacation to be granted to every employee; and (2) the award is void because it is the product of an insufficient submission, wherefore the employer is not bound to abide by it. Both contentions are without merit.

Regarding the first question raised, the employer concedes that the arbitrator's interpretation on retroactivity is correct, but it attributes a different scope to the award in making the "additional days" to which an employee is entitled to depend on the years of services rendered only as of the effective date of the new agreement. In his award issued on October 18, 1963, the arbitrator says in that connection the following:

"To begin with, we must ask ourselves the following question: Of the employees covered by the existing collective agreement, who are entitled to one additional day of vacation up to a maximum of five additional days? According to the italicized phrase [he refers to the phrase *'services rendered'*], the employees covered by the collective agreement who have rendered services are entitled to that additional day. In other words, they are also entitled to one additional day of vacation for each year of services rendered, and if they have not rendered any, as they render them. It would be a different thing if the clause in question read for services which may be ren-

dered. In that case the intention would have prospective character only. But that is not the reality under the context copied. When the contracting parties inserted in the provision under consideration the phrase 'for each year of *services rendered,*' it is logical that they referred to the services already rendered in the past, in addition to those which may be rendered in the future."

By way of illustration, the arbitrator gives us an example which makes his interpretation concrete and clear. It is this:

"Employee X commenced to work for the Hotel on October 1, 1960. On October 1, 1963, he completed three years of *services rendered* to the Hotel. According to the first paragraph, Article VIII, entitled *Vacation,* of the existing collective agreement, employee X is entitled thereunder to a 15-day vacation, which provision already existed since the former agreements; but in addition to those 15 days he is also entitled to three additional days of vacation, computed at the rate of one additional day for each of the three years of *services rendered* as of October 1, 1960. In other words, for the reasons stated the retroactivity applies in this case, but hereafter, namely, October 1, 1963, if employee X continues in the service of the Hotel, he shall be entitled to one additional day of vacation as of October 1, 1964, and if he works from October 1, 1964 to October 1, 1965, he acquires under this agreement the right to one additional day of vacation. Thereafter he is not entitled to any more additional days of vacation, in the light of the present agreement. That is to say, the prospectiveness in the case of employee X would apply as of October 1, 1963."

█ █ The employer urges that we interpret the award in a manner other than what the clear words of the arbitrator denote. To that effect, it submits a series of formulas which in its opinion illustrate the extent of the award in question. That is not our function. We have consistently said that where the parties in a collective agreement agree to settle labor-management disputes on the interpretation thereof by submitting to arbitration and that the arbitrator's award shall be binding on the losing party, they have

substituted the committee or the arbitrator for the courts, as the case may be, and that a valid arbitration cannot be litigated in the courts. *López v. Destilería Serrallés*, 90 P.R.R. 241 (1964); *Labor Relations Board v. Caribbean Container Co.*, 89 P.R.R. 726 (1964); *Rivera v. Land Authority*, 83 P.R.R. 251 (1961); *Labor Relations Board v. N.Y. & P.R. Steamship Co.*, 69 P.R.R. 730 (1949). We have also emphasized that arbitration agreements are vested with public interest, *Labor Relations Board v. Caribbean Container Co.*, *supra*; *Pérez v. Water Resources Authority*, 87 P.R.R. 110 (1963); and that they must be strictly complied with, if the submission is clear and free from ambiguity.[2] *Seafarers Int'l Union v. Superior Court*, 86 P.R.R. 762 (1962). On the other hand, we have said that unless the parties have agreed that the arbitrator's decision shall conform to law, we shall not consider the juridical nor any other kind of merits of his decision, and, consequently, that mere errors of criterion do not warrant the setting aside of an award. *Labor Relations Board v. Cooperativa Cafeteros*, 89 P.R.R. 487 (1963); *Labor Relations Board v. Orange Crush of P.R.*, 80 P.R.R. 281 (1958); *Labor Relations Board v. N.Y. & P.R. Steamship Co.*, *supra*.

■ The employer in the case at bar contends that if the award is not interpreted in the manner advanced by it, in the alternative, it should be challenged for defect or insufficiency in the submission which, in its opinion, brought about the lack of clarity of the award and the failure to make final disposition of the question submitted. This contention is based on the premise that the submission agreement did not make clear the meaning of "retroactivity." That

---

[2] For a recent case decided by the Supreme Court of the United States in the same sense as in *Pérez v. Water Resources Authority*, *supra*, see *Republic Steel Corp. v. Maddox*, decided January 25, 1965, 33 U.S.L. Week 481 (379 U.S. 650).

is to say, "that the practical scope of the so-called retro-activity was not made clear." It is not right.

At the hearing held July 19, 1963, arbitrator Rafael A. López Berríos asked the parties to outline briefly their positions. The Union rested "on the clear and specific wording of the language cited in the submission which is part of paragraph 1, Article VIII of the agreement."

The employer's position may be summed up as follows: Since the former agreement contained no provision on additional days to be added to the regular 15-day vacation to which employee was entitled thereunder, such right arose from the new agreement which went into effect on November 1, 1962. Since, on the other hand, vacation was accumulated by calendar years, the right to "additional days" was acquired as of the first year of effectiveness of the new agreement, namely, as of November 30, 1963. In conclusion, its contention was that the clause of the agreement on this matter is prospective.

The Union's position was that in stating "services rendered," the years of services rendered by the worker prior to the effectiveness of the new agreement were being taken into consideration, and, consequently, that although this was a new agreement, the application of this clause operated retroactively.

These were the opposing claims which the arbitrator was called upon to decide and actually decided. It should be observed that the collective agreement in question covers from November 1, 1962 to October 31, 1964, that is, it is valid for only two years. Consequently, the controversy on the interpretation of the clause relative to additional days for every year of services rendered necessarily hinged on its prospective or retrospective character, since otherwise it would be nonsensical to stipulate that as many as five additional days would be granted, since the agreement governs only for two years. On the other hand, at the opening of

the hearing the arbitrator proceeded to read the submission agreement. His interpretation of it was that it presented the question whether the right to additional days was prospective or retroactive, and asked the parties whether they wished to make any amendment or modification, both parties having answered in the negative. We therefore hold that the submission agreement was clear and sufficient and that the arbitrator decided exactly the question before him. The only thing remaining to be done, as we said in *Labor Relations Board* v. *Cross Construction Corp.*, 89 P.R.R. 747 (1964), is some simple mathematical calculation in order to conform the award to each individual case.